

# The Attorney General of Texas

January 29, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ross Newby, Executive Director
*Texas Commission on Alcoholism*
Sam Houston State Office Building
201 East 14th Street
Austin, Texas 78701

Opinion No. MW-134

Re: Applicability of article 4413(29c), V.T.C.S., to schools providing classroom instruction for the education of alcohol related traffic offenders (DWI).

Dear Mr. Newby:

You have asked whether schools providing classroom instruction for the education of alcohol related traffic offenders, i.e., DWI offenders, and charging fees for the instruction, are to be considered commercial driver-training schools under article 4413(29c), V.T.C.S., thereby requiring licensing by the Department of Public Safety, or whether such a school would be governed by section 6c, article 42.13, Code of Criminal Procedure, Chapter 654, Acts of the 66th Legislature, 1979.

Article 4413(29c), in section 1(a), defines "*Commercial driver-training school*" as

> [A]ny enterprise conducted by an individual, association, partnership, or corporation, <u>for the education and training</u> of persons, either practically or theoretically, or both, <u>to operate or drive motor vehicles</u> and charging a consideration or tuition for such services.

(Emphasis added).

Section 6c, article 42.13, Code Crim. Proc., chapter 654, Acts of the 66th Legislature, provides:

> If a person convicted of an offense under Article 6701<u>l</u>-1, Revised Civil Statutes of Texas, 1925, as amended, is placed on probation, the court may require, <u>as a condition of the probation</u>, that the defendant attend <u>an educational program</u> approved by the <u>Texas Commission on Alcoholism</u>, the Texas

> Department of Public Safety, or the Office of Traffic Safety designed to rehabilitate persons who have driven while intoxicated. The judge shall waive this requirement, however, if no program is operated within 60 miles of the defendant's residence.

(Emphasis added).  Acts 1979, 66th Leg., ch. 654, at 1518.

By enacting article 4413(29c), it is clear that the legislature intended to provide for the licensing by the Department of Public Safety of all commercially operated driver-training schools and programs within the state, except those specifically exempted under section 2 of the article.

Section 1(a) of article 4413(29c) describes an affected enterprise as one operating "for the education and training of persons ... to operate or drive motor vehicles." (Emphasis added).  The substance of article 4413(29c) is directed at the licensing of commercially operated schools and programs designed to train drivers or potential drivers in the fundamentals of operating motor vehicles.  It is essentially a theory and skills training course which is contemplated.  Program approval is required only from the Department of Public Safety because of its obvious interest and necessary jurisdiction in the area of safe driving practices.  Such programs do not require review or approval by the Commission on Alcoholism because it has no direct interest or necessary expertise in the normal course of driving events.

Section 6c of article 42.13, Code of Criminal Procedure, as amended by the 66th Legislature, however, contemplates "an educational program ... designed to rehabilitate persons who have driven while intoxicated."  The participants in such a program are presumably experienced drivers holding valid operators licenses and already possessing the fundamental skills which would be the subject matter of the programs covered by article 4413(29c).  Indeed, the curriculum of the program provided for in section 6c must be designed to "rehabilitate" persons on probation for the offense of driving while intoxicated, and such program must be "approved by the Texas Commission on Alcoholism, the Texas Department of Public Safety, or the Office of Traffic Safety."  (Emphasis added).  Its special purpose, standards, and content are directed at a distinct and separate goal from the normal skills driving courses, and by allowing for program approval by alternative agencies, the legislature clearly did not intend that approval should also be required under a separate statute by the Department of Public Safety.

## SUMMARY

Schools providing classroom instruction for the education of alcohol related traffic offenders and charging fees for the instruction under section 6c, article 42.13, Code of Criminal Procedure, Chapter 654, Acts of the 66th Legislature, 1979, do not come within the definition of commercial driver training schools in article 4413(29c), V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Ed Garvey
Rick Gilpin